**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Maria GONZALES, Defendant–
Appellant.**

No. 04–1406.

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 2005.

Decided April 25, 2005.

Michael Gurland, Office of The United
States Attorney, Chicago, IL, for Plaintiff–
Appellee.

Terence F. MacCarthy, Office of The
Federal Defender, Chicago, IL, for Defen-
dant–Appellant.

Before FLAUM, Chief Judge,
POSNER, and EVANS, Circuit Judges.

## ORDER

After a jury convicted Jose Maria Gon-
zales of transporting nearly 1,500 kilo-
grams of marijuana hidden in a load of
cabbage, of all places, the district court
sentenced him to 360 months in prison.
The sentence was imposed by the judge,
reluctantly as we shall see, under the then-
existing view that federal sentencing
guidelines were mandatory. Gonzales ap-
pealed his sentence on a number of
grounds related to the district court's ap-
plication of the guidelines. Since his ap-
peal was filed, the Supreme Court decided
*United States v. Booker,* —— U.S. ——,
125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and
we followed with *United States v. Paladi-
no,* 401 F.3d 471 (7th Cir.2005).

In *Paladino,* we concluded that, in order
to determine whether a defendant was
prejudiced by a sentence imposed under
the mandatory regime (Gonzales failed to
raise the argument in the district court
and must show plain error in order to
prevail), we generally will order a limited
remand to determine whether the district
court would have imposed the same sen-
tence had it known that the guidelines
were advisory. *See id.* In those cases, if
the district court then tells us that it would
have given the defendant a different sen-
tence, we will vacate the sentence and
remand for resentencing. *Id.*

In this case, a limited remand serves no
purpose. The point of the limited remand

is to determine what the district court would have done if it had known that the guidelines were advisory. And, here, the district court clearly suggested that it would have imposed a lower sentence. The judge told Gonzales on a number of occasions that she did not think she could legally depart from the sentencing guidelines, eventually conceding: "This is a perfect example of what Justice Kennedy is complaining about, about sentencing that is so severe that it raises—that it's not justice and that it raises real questions of morality. I'm perfectly happy with that. But I don't feel, without quitting my job, that I can evade the requirements of the law on this sentence." Given this statement of angst by the judge, even the government agrees that there is no reason to send the case back on a limited remand. Thus, we skip the extraneous step and VACATE Gonzales's sentence and REMAND the case for resentencing.